UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

CHANDLER CELESTIN,

                Petitioner,           **MEMORANDUM and ORDER**

   — against —                         07-CV-4319 (SLT)

ROBERT ERCOLE, Superintendent,

                Respondent.

------------------------------------------------------------------x

**TOWNES, United States District Judge:**

      Petitioner, Chandler Celestin, commenced the instant action in October 2007 by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a 13-page memorandum of law (collectively, the "Petition") challenging the constitutionality of his 1997 conviction for attempted murder in the second degree, attempted arson in the first degree, robbery in the first degree and criminal possession of a weapon in the second degree. The Petition raised a single ground for relief – ineffective assistance of trial counsel – based on allegations that Petitioner's trial counsel had failed to locate and call Petitioner's girlfriend, Ayesha, who was an eyewitness to the alleged crimes. According to the Petition, Ayesha had appeared before the grand jury which indicted Petitioner and provided testimony that exculpated him. Memorandum of Law in Support of Petition, dated October 3, 2007, at ¶ 15-16. Petitioner allegedly told his trial counsel, both before and during trial, to contact Ayesha, but both the trial counsel and the prosecutor represented to the Court that they were unable to produce her for trial. *Id*. at ¶ 16.

      By order dated November 8, 2007, this Court noted that the Petition appeared time-barred and directed petitioner to show cause why this case should not be dismissed. Petitioner responded to this Court's order in a letter dated November 19, 2007, in which he suggested that

he initially had no reason to question trial counsel's representation that he was unable to locate Ayesha. However, "after serving several years," Petitioner was allegedly "informed by family members that [Ayesha] . . . was in communication with my trial counsel was intentionally deceived by the prosecution and defense counsel." Letter to Hon. Sandra L. Townes from Chandler Celestin, dated Nov. 19, 2007 (the "Letter") at 1. Although the Letter is vague with respect to when petitioner was informed by his family that Ayesha had been in communication with trial counsel and does not explain precisely how Ayesha was "deceived," the Letter, if construed liberally, suggests that Petitioner is claiming that the Petition is timely because it was filed within a year of "the date on which the factual predicate of the [ineffective assistance] claim . . . could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

Petitioner's Letter also requested permission to "[w]ithdraw his habeas application without [p]rejudice" until he had exhausted his ineffective assistance claim in State court. Letter at 2. This Court construed this to be a request to stay the habeas proceedings, and granted the stay. The Court did not address timeliness issue at that time and, therefore, did not seek to resolve the factual ambiguities in the Letter.

By letter dated September 29, 2008, petitioner now informs the Court that he has exhausted his ineffective assistance claim, and wishes to have the Petition "placed back on [the] calendar." Petitioner's application to lift the stay is hereby granted. Although the issue of whether the instant Petition was timely filed remains unresolved, Petitioner's Letter suggests that the issue will turn on facts that are best developed in the course of the adversarial process of litigating the action. Therefore, this Court will not attempt to determine, *sua sponte*, the timeliness of the Petition, but will issue herewith an Order to Show Cause directing the Clerk of

2

Court to serve the Petition on Respondent and directing Respondent to file either a return or a motion to dismiss. Nothing in this order or in any prior order issued by this Court should be construed as implying that the Court has resolved the timeliness issue in Petitioner's favor.

## *CONCLUSION*

Petitioner's application to lift the stay in this case is hereby granted. An Order to Show Cause shall be entered herewith, setting forth a schedule for the submission of papers in this case.

SO ORDERED.

Dated: Brooklyn, New York
October 17, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge