UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHANDLER CELESTIN,

                      Petitioner,

    -against-

ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility

                      Respondent.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

07-CV-4319 (SLT)

**TOWNES, United States District Judge:**[1]

Petitioner Chandler Celestin petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his 1997 conviction on two counts of attempted murder in the second degree, and one count each of attempted arson in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree. Respondent now moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). For the reasons set forth below, Respondent's motion is granted and the petition is dismissed as untimely.

## BACKGROUND

On January 27, 1997, at approximately 4:00 p.m., Celestin and his uncle, Michael Johnson, entered a restaurant located at 66 Eldert Street in Brooklyn, New York. Inside the restaurant were several employees and a customer. Johnson pointed a handgun at the head of one of the employees and ordered him to lie down. At Johnson's request, Celestin took out another gun, pointed it at the customer, and ordered him to the ground. Johnson then sprayed lighter fluid on the floor and on the two individuals on the ground, displayed a book of matches, and stated that he and Celestin intended to burn down the restaurant.

---

[1] The Court gratefully acknowledges the assistance of a student intern, Mark Doerr of Columbia Law School, in the preparation of the Memorandum and Order.

Unbeknownst to Johnson and Celestin, Police Officer Michael Murphy had seen Johnson enter the restaurant carrying a handgun. Officer Murphy requested assistance and police soon arrived at the scene. Celestin and Johnson attempted to flee but were quickly apprehended. Celestin subsequently gave a written statement describing his uncle's commission of the robbery, but admitted no involvement in the crime other than possessing a handgun which police found in a garbage can in the restaurant. Thereafter, Celestin and Johnson were each charged with two counts of attempted murder in the second degree, one count of attempted arson in the second degree, two counts of robbery in the first degree, and other lesser offenses.

The handgun which Celestin admitted possessing was later determined to have been involved in another crime: the January 6, 1997, murder of one Deo Bhola. Accordingly, Celestin was separately charged with one count of murder in the second degree, two counts of robbery in the first degree, and other offenses in connection with this incident. Johnson's case was then severed from Celestin's case.

In November 1997, Celestin went on trial in Kings County Supreme Court on the charges relating to both the January 6 and January 27, 1997, incidents. After trial, a jury acquitted Celestin of the charges pertaining to the January 6, 1997, homicide. However, the jury convicted Celestin of two counts of attempted murder in the second degree, one count of attempted arson in the second degree, one count of robbery in the first degree, and one count of criminal possession of a weapon in the second degree, in connection with the January 27, 1997, incident. At sentencing on December 19, 1997, Justice Larry D. Martin imposed a combination of concurrent and consecutive terms of imprisonment for these crimes that totaled sixteen and one-half to thirty-three years incarceration.

On direct appeal, Petitioner raised two grounds: first, the evidence at trial was insufficient to sustain his conviction, and second, that, in light of his minor role in the attempted robbery, his sentence was unduly harsh. The Appellate Division affirmed Celestin's conviction on June 19, 2000. *People v. Celestin*, 273 A.D.2d 398 (N.Y. App. Div., 2d Dep't 2000). The New York Court of Appeals denied Celestin's request for leave to appeal on October 2, 2000. *People v. Celestin*, 95 N.Y.2d 904 (2000). Celestin did not petition for a writ of certiorari in the United States Supreme Court. Celestin's conviction became final on January 2, 2001 – the first business day following expiration of the 90-day deadline for petitioning the United States Supreme Court for a writ of certiorari. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).

Petitioner made no further filings with any court until September 10, 2003, when he filed a state court motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10. In his motion, Celestin argued that he was denied effective assistance of counsel at his trial when his attorney failed to call an allegedly exculpatory witness, one Ayesha. In support of his § 440 motion, Celestin asserted that, on at least three occasions, he asked his trial counsel to contact the allegedly exculpatory witness and to have her testify at trial, but that trial counsel claimed that his attempts to contact the witness were unsuccessful. Petitioner's § 440 Motion at 5.[2] However, Celestin stated that, sometime "in the middle of the year of 2001," an unspecified "relative of the [petitioner] ran into" Ayesha, who claimed that she had been willing to testify. *Id.* In an unsworn "Affidavit in Support" of his motion, Celestin paraphrases what Ayesha told

---

[2]Petitioner's § 440.10 motion consists of nine consecutively numbered pages, accompanied by an affidavit of service. The first three pages consist of a sworn affidavit entitled "Affidavit in Support of Motion to Vacate Judgment pursuant to CPL § 440.10." The remaining six pages are in the form of a brief, but begin with the heading "Affidavit in Support." Celestin's assertions concerning his conversations with his trial counsel are contained in this second, unsworn "affidavit."

3

his relative, alleging that Ayesha said that she called trial counsel repeatedly to offer assistance, but that trial counsel never returned her calls. *Id.* at 5-6. However, although Ayesha was once Celestin's girlfriend, Celestin has not submitted an affidavit from Ayesha substantiating these allegations or summarizing the substance of the testimony she would have given had she been called to testify on Celestin's behalf.

For reasons which are unclear from the record, Petitioner's § 440 motion was still pending in October 2007, when he petitioned this Court for a writ of habeas corpus.[3] Celestin's petition for habeas corpus did not raise either of the issues raised on direct appeal. Rather, the petition raised only the issue which was the subject of his § 440 motion: that his trial counsel was ineffective because he failed to call a witness who could have provided exculpatory testimony.

By order dated November 8, 2007, this Court directed Celestin to show cause why his petition should not be dismissed as time-barred. This Court noted that the petition had been filed almost seven years after Petitioner's conviction became final and that Petitioner's § 440 motion did not restart the one-year limitations period. However, this Court also quoted the provisions of 28 U.S.C. § 2244(d), which provide that the one-year limitations period does not always run from the date the conviction became final, and apprised Celestin that the one-year limitations period could be equitably tolled under certain circumstances.

---

[3]Although Petitioner does not attach an affidavit of service to his petition indicating when it was placed in the prison mailbox, *see Houston v. Lack*, 487 U.S. 266 (1988) (announcing the prison mailbox rule), he could not have mailed it earlier than October 3, 2007, when the memorandum in support of the petition was notarized. Accordingly, this Court, construing the petition in the light most favorable to petitioner, assumes that the petition was filed on October 3, 2007.

4

In a letter dated November 19, 2007, Celestin conceded that "the issues raised on [his] direct appeal would be 'time-barred' pursuant to [AEDPA]." Letter to Hon. Sandra L. Townes from Chandler Celestin, dated Nov. 19, 2007, at 1. Yet, Celestin implied that the ineffective assistance of counsel issue raised in his § 440 motion was newly discovered, stating:

> [A]fter serving several years, I was informed by family members that a witness for the prosecution who desired to testify at trial and was in communication with my trial counsel was intentionally deceived by the prosecution and defense counsel.

*Id.* Celestin did not specify precisely when his family member had informed him that a potential witness had been deceived. Moreover, although Celestin's letter stated that an affidavit from that witness was submitted in support of his § 440 motion, neither the motion itself nor a copy of the affidavit was attached.

Celestin's letter also stated that, while he had filed his § 440 motion in September 2003, he had yet to receive a ruling. *Id.* Acknowledging that his ineffective assistance claim was unexhausted, and apparently concerned that this Court would dismiss his petition on exhaustion grounds, Celestin asked to "[w]ithdraw his habeas application without prejudice until state remedy has been exhausted." *Id.* at 2 (emphasis omitted). Although the docket sheet reflects only that Celestin's application was granted, this Court later clarified that it "construed this [letter] to be a request to stay the habeas proceedings, and granted the stay." *Celestin v. Ercole*, No. 07-CV-4319 (SLT), 2008 WL 4642537, at *1 (E.D.N.Y. Oct. 17, 2008).

On September 29, 2008, Celestin wrote this Court another letter, indicating that he had fully exhausted the ineffective assistance issue in state court. Characterizing this Court's April 14, 2008, order as having "granted abayance [*sic*] until [he] exhausted an unpreserved issue," Celestin requested that his "application for a writ of Habeas Corpus be reactivated." Letter to

5

Hon. Sandra L. Townes from Chandler Celestin, dated Sept. 29, 2008, at 1. This Court granted that request. Although this Court acknowledged that the question of whether the petition was timely remained unresolved, it declined to rule on that issue *sua sponte* and directed Respondent to file a response.

Respondent now moves to dismiss Celestin's petition on the ground that it is time-barred. Specifically, Respondent argues that Petitioner has failed to show that his ineffective assistance of counsel ground is based on newly discovered evidence. Respondent argues that, absent newly discovered evidence, § 2244(d)'s one-year limitation period began to run when Petitioner's conviction became final, on or about December 31, 2000. Since Celestin's petition was not filed within a year following that date, Respondent reasons that the petition is time-barred.

## *DISCUSSION*

Section 2244(d)(1) requires that a state prisoner file a petition for habeas corpus no later than one year from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, Section 2244(d)(2)'s tolling provision "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

In this case, Celestin acknowledges that he did not file his petition for a writ of habeas corpus within the year after his conviction became final, conceding that "the issues raised on [his] direct appeal would be . . . time-barred . . . ." Letter to Hon. Sandra L. Townes from Chandler Celestin, dated Nov. 19, 2007, at 1. Celestin also tacitly admits that there is no basis for equitable tolling, stating that his failure to file a § 2254 petition within the year after his conviction became final was due to the fact that he was "totally illiterate in matters of law," and "did not know how to appeal . . . under 28 U.S.C. § 2254." *Id.* However, "[i]gnorance of the law and lack of education are not sufficient grounds to warrant equitable tolling." *Lizaide v. Kirkpatrick*, No. 09-CV-5038 (CBA), 2009 WL 4110296, at *2 (E.D.N.Y. Nov. 24, 2009) (citing cases); *see Smith v. McGinnis*, 208 F.3d at 18 (*pro se* status does not merit equitable tolling).

Celestin instead argues that his petition is timely because he did not learn of the factual predicate of his ineffective assistance claim until sometime after his conviction became final. *See* 28 U.S.C. 2244(d)(1)(D). Under § 2244(d)(1)(D), "the one-year statute of limitations governing federal habeas corpus relief begins to run from the date on which the facts supporting the claim or claims presented could have been discovered 'through the exercise of due diligence . . . regardless of whether petitioner actually discovers the relevant facts at a later date.'" *Adams v. Greiner*, 272 F. Supp. 2d 269, 273-74 (S.D.N.Y. 2003) (quoting *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000) (citation omitted; internal quotations omitted)). It is the petitioner's

"burden to demonstrate why he was unable to discover the factual predicate of his claim before the date asserted." *Yekimoff v. N.Y. State Div. of Parole*, No. 02 Civ. 8710 (BSJ), 2004 WL 1542256, at *5 (S.D.N.Y. July 8, 2004) (citing *Duamutef v. Mazzuca*, No. 01 Civ. 2553 (WHP)(GWG), 2002 WL 413812, at *8-9 (S.D.N.Y. Mar. 15, 2002)); *see Sorce v. Artuz*, 73 F. Supp. 2d 292, 298 (E.D.N.Y. 1999).

In this case, Celestin has not only failed to meet his burden, but has made representations which undercut his own argument. Celestin's ineffective assistance claim is predicated on a single error: his trial counsel's failure to call an allegedly exculpatory witness, Ayesha. Celestin states that, prior to and during trial, he knew that Ayesha – who was petitioner's girlfriend at the time she witnessed the January 27, 1997, incident – possessed exculpatory information. Celestin further alleges that on at least three occasions, "[b]efore and during trial, . . . [he] informed his trial counsel of the need to contact . . . Ayesha . . . ." Petitioner's Sworn Memorandum in Support of Petition, dated Oct. 3, 2007, at ¶ 14. Celestin, who was present throughout the trial, also knew as of the close of evidence that defense counsel had not called Ayesha to testify. However, Celestin claims that he had no reason to question his trial counsel's claim that Ayesha could not be located until sometime after trial, when he learned from a relative that Ayesha had repeatedly contacted defense counsel and offered to testify, but that defense counsel never returned her calls.

Although Celestin does not state precisely when he learned of Ayesha's statements, he states that the conversation between Ayesha and his relative took place "in the middle of the year 2001." Petitioner's § 440.10 Motion at 6. Since Celestin did not file his § 440 motion until September 10, 2003, his ineffective assistance claim is not even arguably timely unless his

relative waited until after September 10, 2002 – more than a year after the conversation with Ayesha – to inform Celestin about it. Celestin does not even allege that his relative waited this long, much less provide any evidence to that effect. Accordingly, Celestin has failed to sustain his "burden to demonstrate why he was unable to discover the factual predicate of his claim" for more than a year after his relative spoke to Ayesha. *See Yemikoff*, 2004 WL 1542256, at *5; *Duamutef*, 2002 WL 413812, at *8-9; *see also Sorce*, 73 F. Supp. 2d at 298.

Since Celestin has failed to demonstrate that § 2244(d)(1)(D) is applicable to this case, and does not argue that either § 2244(d)(1)(B) or (C) applies, this Court finds that the one-year statute of limitations began to run on January 2, 2001, when Celestin's judgment of conviction became final. Celestin did not file a petition for a writ of habeas corpus or any other motion for more than a year and one-half after the one-year period expired on January 2, 2002. Accordingly, Celestin's petition is time-barred.

## *CONCLUSION*

For the reasons stated above, Respondent's motion to dismiss the instant petition as time-barred is granted, and Celestin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed. The Court declines to issue a certificate of appealability because the Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

/S/
/SANDRA L. TOWNES
United States District Judge

Dated: May // , 2010
Brooklyn, New York